IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cr-00311-DME-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LESTER EUGENE FOWLER,

      Defendant.

**ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE**

This matter comes before the Court on Defendant Lester Fowler's unopposed motion seeking a continuance of his trial, currently set to begin on August 9, 2010. (Doc. 36.) Fowler seeks this continuance under the ends-of-justice provision of the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7). After reviewing Fowler's motion and hearing the parties' arguments during a hearing conducted by the Court on this matter, the Court GRANTS the motion for the following reasons:

The Court previously permitted Fowler's original appointed counsel to withdraw. (Docs. 15, 16.) Current defense counsel then entered his appearance in this case on July 8, 2010. (Doc. 17.) Upon reviewing the discovery, defense counsel now represents to the Court that there are between twelve and twenty-four witnesses that he may need to interview in order to prepare adequately for trial, and that there is an insufficient amount of time to conduct these interviews with the trial currently set to begin on August 9.

1

(Doc. 36 at 2.)  Additionally, defense counsel represents that he needs to explore forensic evidence, including possible expert testimony, that might prove useful to Fowler's defense.  This, too, defense counsel asserts, will require more time to prepare for trial than is currently available if the trial remains scheduled for August 9, 2010.  (Id. at 2-3.)  Defense counsel also asserts that additional time would give him an opportunity to explore with the Government, in an informed manner, the possibility of reaching a plea agreement.  (Id. at 4.)

The Court finds that defense counsel has acted diligently thus far in preparing for trial and that counsel needs additional time to interview witnesses, explore forensic evidence and possibly conduct plea negotiations with the Government.  Cf. United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005) (noting that, while "[p]eriods of time devoted to negotiating plea agreements are not explicitly excluded from" Speedy Trial Act calculations, "such delays may be excluded if the court determines that the ends of justice served by granting a continuance and excluding the time from calculation outweigh the best interest of the public and the defendant in a speedy trial") (quotation, alteration omitted).  The Court, therefore, concludes that, under these circumstances, a sixty-day continuance of the trial date serves "the ends of justice" and "outweigh[s] the best interest of the public and the Defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The Court further concludes that, without this sixty-day continuance, any trial would "likely . . . result in a miscarriage of justice," and "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account due diligence."  Id. § 3161(h)(7)(B)(i), (iv).

DATED: July  29th  , 2010.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
United States Circuit Judge