IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge David M. Ebel

Civil Action No. 11-cv-01536-DME
Criminal Action No. 10-cr-00311-DME

UNITED STATES OF AMERICA,

v.

LESTER EUGENE FOWLER,

    Movant.

ORDER DIRECTING MOVANT TO FILE AMENDED 28 U.S.C. § 2255 MOTION

    Movant, Lester Eugene Fowler, currently is incarcerated at the Federal Correctional Institution in Adelanto, California. He has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court must construe the motion to vacate liberally because Mr. Fowler is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fowler will be directed to file an amended motion to vacate.

    On December 16, 2010, Mr. Fowler pled guilty in this court to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to seventy months of imprisonment and to three years of supervised release. Judgment was entered on the docket on December 21, 2010. On June 13, 2011, Mr. Fowler filed a motion to vacate his conviction in this court.

Mr. Fowler has failed to use the court-approved form for filing a 28 U.S.C. § 2255 motion.  Further, Mr. Fowler's sole claim is bare and conclusory, as he merely asserts that he was provided ineffective assistance of counsel without any supporting factual allegations.  Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, Mr. Fowler must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  **See Mayle v. Felix**, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).  Naked allegations of constitutional violations are not cognizable.  **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Mr. Fowler will be ordered to file an amended motion to vacate.  In the amended motion, he must allege, clearly and concisely, the specific claims for relief he is asserting, as well as the specific facts that support each asserted claim, if he wishes to pursue his claims in this action.  Accordingly, it is

ORDERED that Movant, Lester Eugene Fowler, file with the Court **within thirty days from the date of this order** an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the directives of this order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Fowler, together with a copy of this order, two copies of the following form to be used in submitting the amended motion to vacate:  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  It is

FURTHER ORDERED that if Mr. Fowler fails within the time allowed to file an amended motion to vacate that complies with the directives of this order, the motion to vacate will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this  16th  day of   June  , 2011.

BY THE COURT:

*s/ David M. Ebel*

---
DAVID M. EBEL
United States District Judge